FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Nov 6, 2017
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK FOCHTMAN and SHANE O'NEAL       PLAINTIFFS
Individually, and on behalf of all others
Similarly situated

v.                            CASE NO.  17-5228

CAAIR, INC., SIMMONS FOODS, INC.,
DARP, INC., HENDREN PLASTICS, INC.
And JOHN DOES 1-30                    DEFENDANTS

## NOTICE OF REMOVAL

Simmons Foods, Inc., for its notice of removal of this action from the Circuit Court of Benton County, Arkansas, to the United States District Court for the Western District of Arkansas under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, states:

1. This action commenced on October 24, 2017, when the Plaintiffs filed their complaint in the Circuit Court of Benton County, Arkansas.

2. This action is pending in the Circuit Court of Benton County, Arkansas, and is captioned *Mark Fochtman and Shane O'Neal, individually and on behalf of all others similarly situated v. CAAIR, Inc., Simmons Foods, Inc., DARP, Inc., Hendren Plastics, Inc. and John Does 1-30,* Case no. 04cv-17-2190.

3. This action is removable under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

4. This notice of removal is timely under 28 U.S.C. § 1446(b).

5. The Defendants have not yet filed a response to the Class Action Complaint. The Defendants reserve the right to object to any defects as to personal jurisdiction, service of process, sufficiency of process, and any other defenses available under Fed. R. Civ. P. 12.

### A. Parties

6. The named Plaintiffs are citizens of the State of Arkansas. (*See* Class Action Compl. ¶ 4, 5); 28 U.S.C. § 1332(c)(2).

7. As set forth below, the Defendants are citizens of the States of Arkansas and Oklahoma.

8. Defendant Simmons Foods, Inc. is a corporation with its principal place of business in Arkansas. Therefore, it is a citizen of Arkansas under 28 U.S.C. § 1332(c)(1).

9. Defendant CAAIR is an Oklahoma not-for-profit corporation with its principal place of business in Oklahoma. (*See* Class Action Compl. ¶ 6). Therefore, it is a citizen of Oklahoma under 28 U.S.C. § 1332(c)(1).

10. Defendant DARP, Inc. is an Oklahoma non-profit corporation with its principal place of business in Oklahoma. (*See* Class Action Compl. ¶ 8). Therefore, it is a citizen of Oklahoma under 28 U.S.C. § 1332(c)(1).

11. Defendant Hendren Plastics, Inc. is an Arkansas corporation with its principal place of business located in Arkansas. (*See* Class Action Compl. ¶ 9). Therefore, it is a citizen of Arkansas under 28 U.S.C. § 1332(c)(1).

### B. Original Jurisdiction under Class Action Fairness Act, 28 U.S.C. § 1332(d)

12. This Court has original jurisdiction of this action. Under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act ("CAFA"), a putative class action may be removed by any Defendant to the United States District Court embracing the state court where the action was filed if (a) any member of the putative class is a citizen of a state different from any defendant, (b) there are at least one hundred members of the putative class, and (c) the amount in controversy

exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Complete diversity among the parties is not required. 28 U.S.C. § 1332(d)(2)(A).

13. The Plaintiffs seek to represent a class of all "individuals who were, are, or will be CAAIR participants from October 20, 2014, until the present who worked in the State of Arkansas during their time at CAAIR" and all "individuals who were, are, or will be DARP participants from October 20, 2014, until the present who worked in the State of Arkansas during their time at DARP". (Class Action Compl. ¶¶ 68.) According to Plaintiffs, "CAAIR and DARP each employed hundreds of individuals who worked for employers located in Arkansas." (*Id*. ¶ 69.) Based on Plaintiffs' allegations, there are more than 100 members of the proposed class.

14. On behalf of the proposed class, the Plaintiffs seek compensatory damages for alleged unpaid wages, overtime wages and punitive damages. (Class Action Compl. ¶ 86, 100). Plaintiff's also seek compensation for "pain and suffering." (Class Action Compl. ¶ 111, 113).

15. Plaintiffs seeks liquidated damages equal to their alleged compensatory damages for unpaid wages and overtime wages. (Class Action Compl. ¶ 86, 100).

16. Plaintiffs seek attorneys' fees, interest, and costs on behalf of themselves and the proposed class. (Class Action Compl. ¶ 87, 102).

17. Plaintiffs seek punitive damages. (Class Action Compl. ¶ 113, 125).

18. Plaintiffs allege that their claims are "typical of the claims of the class." (Class Action Compl. ¶¶ 71).

19. Plaintiffs allege that each Defendant employed "hundreds of individuals" from October 20, 2014, through the present, that the individuals worked at least 40 hours per week, and that the individuals are entitled to payment of the minimum wage for those hours. Plaintiffs allege that the minimum wage in the year 2015 was $7.50 per hour. Two hundred people working forty

(40) hours a week and paid $7.50 per hour would earn a total of $3,120,000. (40 hours x $7.50 per hour equals $15,600 annually; $15,600 x 200 people is $3,120,000). Plaintiffs allege that the minimum wage in the year 2016 was $8.00 per hour. Two hundred people working forty (40) hours a week and paid $8.00 per hour would earn a total of $3,328,000. (40 hours x $8.00 per hour equals $16,640 annually; $16,640 x 200 people is $3,328,000). These numbers do not include calculations for alleged damages for the years 2014 or 2017. These numbers also do not include the amounts Plaintiffs seek for overtime wages, liquidated damages, attorneys' fees and punitive damages.

20. Simmons denies the allegations of the Complaint, however, based upon the number of alleged class members and the amount of damages Plaintiffs seek on behalf of the class, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Therefore, this notice of removal contains "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 544 (2014); *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009).

21. Accordingly, this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

22. There is minimal diversity between the proposed class of plaintiffs and the Defendants to this action. 28 U.S.C. § 1332(d)(2)(A).

23. This Court has original jurisdiction under 28 U.S.C. § 1332(d).

### C. The Procedural Requisites to Removal are Satisfied

24. This Court is the appropriate court for removal of this action under 28 U.S.C. § 1446(a).

25. The consent of all defendants is not required under CAFA, 28 U.S.C. § 1453(b).

26. Copies of all process, pleadings, and orders served upon Simmons Foods, Inc. or filed in the action in the Circuit Court of Benton County, Arkansas, along with a true and correct copy of the docket sheet from the state court, are attached to this notice of removal as Exhibit 1.

27. A copy of this notice of removal will be filed forthwith in the Circuit Court of Benton County, Arkansas.

28. All procedural requisites to removal have been met. Removal to this Court under 28 U.S.C. § 1441 is proper and effective hereby.

WHEREFORE, Simmons Foods, Inc. hereby gives notice of the removal of this action to this Court and respectfully request all just and proper relief.

/s/*John R. Elrod*
John R. Elrod, Ark. Bar 71026
P. Todd Lewis, Ark. Bar 96226
Vicki Bronson, Ark. Bar 97058
Kerri Kobbeman, Ark. Bar 2008149
Conner & Winters, LLP
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703
(479) 582-5711
(479) 587-1426 facsmile
jelrod@cwlaw.com
tlewis@cwlaw.com
vbronson@cwlaw.com
kkobbeman@cwlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 6th day of November, 2017, I served a true and correct copy of the foregoing on all other parties by first-class U.S. Mail, postage prepaid, through following counsel of record:

John Holleman
Timothy Steadman
Holleman & Associates, PA
1008 W. Second Street
Little Rock, AR 72201

                                  /s/ *John Elrod*