IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK FOCHTMAN and SHANE O'NEAL,
individually and on behalf of all others
similarly situated                                                                    PLAINTIFFS

      v.            CASE NO. 5:17-cv-05228-TLB

CAAIR, INC., SIMMONS FOODS, INC.,
DARP, INC., HENDREN PLASTICS, INC.,
and JOHN DOES 1-30                                                                DEFENDANTS

**PLAINTIFFS' EMERGENCY MOTION FOR
EXPEDITED JURISDICTIONAL DISCOVERY
AND INCORPORATED BRIEF IN SUPPORT**

**I. INTRODUCTION & FACTUAL BACKGROUND**

This is a class action to recover for enslavement and violations of the Arkansas Minimum Wage Act. Plaintiffs filed suit on October 23, 2017, in the Circuit Court of Benton County, Arkansas. On November 6, 2017, Defendant Simmons Foods, Inc. removed the action to this Court, alleging that the requirements of the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), were met. Although Simmons has possession of records that could be used to accurately compute the amount in controversy, it relies on a highly speculative calculation in attempting to show that the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs. Pursuant to 28 U.S.C. § 1447, Plaintiffs must move to remand the case within 30 days if they believe this Court lacks jurisdiction.

Plaintiffs seek expedited discovery to assess whether the amount in controversy exceeds $5,000,000.00 and whether there are more than 100 class members. Simmons, as the party asserting federal jurisdiction, bears the burden of proof. But rather than waste the Court's (and parties') time with a motion to remand pointing out the speculative nature of Simmons' calculations, Plaintiffs seek limited expedited discovery on the topic.

The Court should grant Plaintiffs' motion for expedited discovery because the limited discovery is targeted to assess whether removal under CAFA is appropriate and the requests are not burdensome. Prior to filing this motion, Plaintiffs conferred in good faith with Simmons Foods, Inc. about limited discovery to assess jurisdiction. *See* (*Discovery Corres.* [Ex. A]). Simmons, however, would not agree to provide the information needed and wanted to condition a limited production on a three-week extension to respond to Plaintiffs' complaint.

## II. ARGUMENT

A federal district court has broad discretion about discovery motions. *See United States v. Washington*, 318 F.3d 845, 847 (8th Cir. 2003). Rule 26(d) of the *Federal Rules of Civil Procedure* provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

Although the Eighth Circuit has not adopted a particular standard, courts in this circuit have generally utilized a "good cause" standard when considering a motion for expedited discovery. *See Oglala Sioux Tribe v. Hunnik*, 298 F.R.D. 453, 455 (D.S.D. 2014).

Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party. *Id.* "Factors commonly considered in determining the reasonableness of an expedited discovery request include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* There is not currently a preliminary injunction pending in this matter.

### A. *Plaintiffs' proposed discovery requests are narrowly tailored to the jurisdictional issue.*

The Court should grant Plaintiffs' motion for expedited discovery. The expedited discovery Plaintiffs seek is not broad, and it is narrowly tailored to assessing whether there are at least 100 members in the putative class and whether the amount in controversy exceeds $5,000,000.00. Plaintiffs sent six interrogatories and six requests for production of documents to Simmons targeted at identifying the number of putative class members, and identifying the amount of money Simmons paid to CAAIR for CAAIR's residents' labor within the time period covered by this suit for workers who labored in Simmons' Arkansas facilities. *See* (*Plaintiffs' Jurisdictional Discovery Reqs.* [Ex. B]). The information is unquestionably relevant and discoverable, and it is only available from Defendants. Pulling the information should not be burdensome, and it may already have been compiled given that it is the very information needed to develop a good-faith belief

that this Court has jurisdiction under CAFA. The Court should grant Plaintiffs' motion for expedited discovery.

> **B.** *Plaintiffs' proposed discovery is needed to determine whether there is a reasonable probability that the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.*

Plaintiffs seek expedited discovery because the information is critical to determine whether the Court has subject-matter jurisdiction over this action. As the party seeking federal jurisdiction, Simmons has the burden of proving, among other things, that the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, and that there are more than 100 class members. *Waters v. Ferrara Candy Co.*, 873 F.3d 633 (8th Cir. 2017). Simmons has ready access to records showing: (1) how many CAAIR, Inc. and DARP, Inc. participants it used in Arkansas within the last three years; (2) how many hours those individuals worked in Arkansas; (3) how much money Simmons paid CAAIR and DARP; and (4) how the payments to CAAIR and DARP were computed. That information can be used to calculate both amount in controversy and class size.

Regarding the amount in controversy, Simmons' calculation is pure speculation. Plaintiffs alleged that they did not know the size of the putative class, but that it could be determined based on records from the defendants and was estimated to be in the hundreds. (*Compl.* ¶ 69). Simmons takes that estimation, and it calculates what 200 minimum-wage workers would earn each year working 40 hours per week and 52 weeks per year. (*Notice of Removal* ¶ 19). Simmons provides no basis to conclude that there are 200 CAAIR and DARP residents who worked in Arkansas. And even if there are 200 CAAIR and DARP residents who worked in Arkansas, there is no basis to conclude that

each class member worked 40 hours per week, 52 weeks per year, for multiple years. Simmons does not establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.00. *See Nowak v. Innovative Aftermarket Sys., L.P.*, No. 4:06CV01622 ERW, 2007 U.S. Dist. LEXIS 62360, at *15–16 (E.D. Mo. Aug. 23, 2007).

Although Simmons has records that will establish the amount in controversy to a reasonable probability, it has chosen to leave Plaintiffs and this Court in the dark about the true size of the class and the amount of money they might be owed. While that would ordinarily be a defendant's prerogative, Simmons has chosen to invoke the jurisdiction of this Court by alleging that the amount in controversy and class size exceeds the jurisdictional minimum,

Here, as in most class actions, Plaintiffs do not have access to evidence showing the probable amount in controversy and class size. Plaintiffs can state with relative certainty that the class is large enough that joinder is impracticable. That might mean 50 class members, it might mean 5,000. But rather than wasting the Court's and parties' time with a motion to remand that merely points out the flaws in Simmons argument, Plaintiffs seek to obtain the relevant evidence. It might be that the amount in controversy is over $20,000,000.00, in which case there is no need for a motion to remand. But it also might be that the amount in controversy is only $2,000,000.00, which means that this Court does not have jurisdiction. The Court should order Simmons to respond to Plaintiffs' jurisdictional discovery requests within 10 calendar days, so Plaintiffs can analyze the information within the time frame that allows them to determine whether remand is appropriate.

### C.  *Plaintiffs' proposed discovery requests are not burdensome.*

Plaintiffs' limited discovery requests are not burdensome. The discovery requests ask Simmons to identify how many CAAIR and DARP residents it used in Arkansas. Plaintiffs ask for a brief description of how any payments between CAAIR and Simmons were calculated. Plaintiffs also seek the amount that Simmons paid CAAIR and DARP each year for labor. And Plaintiffs seek the documents, namely invoices and agreements, that would illuminate those issues. Simmons has not even claimed that Plaintiffs' proposed requests are burdensome.

As discussed addressed above, Simmons likely has already compiled this information. If not, they will have to do so when Plaintiffs file a motion to remand pointing out that the calculation in the notice of removal is complete speculation and does not meet its burden of establishing the amount in controversy and putative class size. *See Waters v. Ferrara Candy Co.*, 873 F.3d 633 (8th Cir. 2017) (noting that defendants must prove the amount in controversy by a preponderance of the evidence when challenged). The Court should grant the motion for expedited discovery.

### III. CONCLUSION

Plaintiffs do not intend to seek remand if the Court does in fact have jurisdiction under CAFA. To make that determination, however, Plaintiffs need access to limited discovery relating to the size of the putative class and the amount in controversy. Plaintiffs' discovery requests are narrowly tailored to these two issues. Simmons alone has access to the records and Simmons can easily produce that information in short order. Plaintiffs would prefer not to waste the Court and the parties' time by filing a motion to

remand that attacks the speculative nature of Simmons' allegations. Rather, Plaintiffs would prefer to intelligently address the issue in light of the actual records in Simmons' possession that will resolve the matter efficiently. The Court should grant Plaintiffs' motion for expedited discovery and order Simmons to respond to Plaintiffs' jurisdictional discovery requests within 10 calendar days.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant this motion in its entirely and for all other just and proper relief to which they may be entitled.

Respectfully Submitted,

HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043


/s/Timothy A. Steadman
John Holleman, ABN 91056
jholleman@johnholleman.net
Timothy A. Steadman, ABN 2009113
tim@johnholleman.net
Jerry Garner, ABN 2014134
jerry@johnholleman.net

## CERTIFICATE OF SERVICE

      I, Timothy A. Steadman, hereby certify that a true and correct copy of the foregoing document was served via CM/ECF on October 8, 2017, which will send notice to all counsel of record.

                                          By:    /s/ Timothy A. Steadman
                                                         Timothy A. Steadman