IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| MARK FOCHTMAN and SHANE O'NEAL, Individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CAAIR, INC., SIMMONS FOODS, INC., DARP, INC., HENDREN PLASTICS, INC., and JOHN DOES 1-30,<br><br>    Defendants. | Case No. 17-5288 |

## BRIEF IN SUPPORT OF MOTION TO SEVER AND REMAND

Comes now Separate Defendant, Hendren Plastics, Inc. ("Hendren"), by and through its attorneys, RMP, LLP, and for its Brief in Support of its Motion to Sever and Remand the claims asserted against Hendren and Separate Defendant DARP, INC. ("DARP"), respectfully states as follows:

### I. Introduction and Factual Background

This is a class action brought by named representatives Mark Fochtman ("Mr. Fochtman") and Shane O'Neal ("Mr. O'Neal" and with Mr. Fochtman, the "Plaintiffs") against CAAIR, INC. ("CAAIR"), Simmons Foods, Inc. ("Simmons"), DARP, Hendren, and John Does 1-30 (collectively, "Defendants"). *See* Plaintiffs' Complaint, ¶ 1. Plaintiffs allege that Defendants have violated Arkansas's Minimum Wage Act and the prohibition of slavery in the Arkansas Constitution. *Id* at ¶¶ 1-3. Plaintiffs seek back wages, overtime pay, punitive damages, and an injunction. *Id.* at ¶ 126.

Plaintiffs are individuals who have been placed on probation following convictions of various drug, alcohol, and/or substance-related crimes. *Id.* at ¶¶ 4-5. During sentencing, several courts afford individuals, such as Plaintiffs, the opportunity to enter rehabilitation programs for drug, alcohol and substance abuse. *See id.* at ¶ 1 (rehabilitation programs become a part of court's order). Participation in such programs is voluntary and is offered as an option by courts in lieu of other forms of punishment, such as prison. *Id.* at ¶¶ 19, 37.

Among these programs are the "Christian Alcoholics & Addicts in Recovery," or CAAIR, and the "Drug and Alcohol Recovery Program," or DARP. *Id.* at ¶¶ 17, 35. Both CAAIR and DARP are faith-based organizations that work with State drug courts to admit convicted persons into their rehabilitation programs as a condition of each individual's probation. *Id.* at ¶¶ 18, 36.

CAAIR and DARP are comprehensive programs that provide a whole host of services to its participants, including counseling, housing, food, and transportation, among others. Another component of both the CAAIR and DARP rehabilitation programs is that their participants maintain a job. *Id.* at ¶¶ 28, 38. Simmons agreed to assist CAAIR and Hendren agreed to assist DARP by providing opportunities to each of the respective program's participants. In fact, Hendren has hired several of the participants for full-time employment upon their completion of the DARP program. In return for the labor provided by DARP's participants, Hendren compensates DARP at the same rate as its actual employees who perform comparable work. *Id.* at ¶ 56. The rate of compensation provided by Hendren exceeds what is required by the Arkansas Minimum Wage Act.

Because of the services CAAIR and DARP provide, several State drug courts work with the programs to provide certain admitted drug, alcohol, and/or substance-users an alternative option to traditional methods of punishment, such as time in jail. *Id.* at ¶¶ 19, 37. Plaintiffs were

2

given this option and fully acknowledge that they "agreed" to enter the CAAIR or DARP program. *Id.* at ¶ 4-5. Even so, Plaintiffs now seek an injunction and damages for allegedly being enslaved and violations of Arkansas's employment laws. *Id.* at ¶ 126.

## II.  Argument

**A.    Because the Claims Asserted Against Hendren Do Not Share a Logical Relationship to Those Made Against Simmons and CAAIR, the Court Should Sever Plaintiffs' Claims Pursuant Fed. R. Civ. P. 20.**

Fed. R. Civ. P. 21 ensures that the claims asserted by a plaintiff against multiple defendants share a certain degree of relevance and correlation. Specifically, claims against two or more defendants must both (1) "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and (2) share a common question of law or fact. *Id.*; *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Though the underlying events surrounding each defendant need not be identical, they must share a logical relationship with one another. *Moseley*, 497 F.2d at 1333.

Here, Plaintiffs assert claims against two separate and distinct classes. The first class is comprised of individuals who were or are CAAIR participants from October 20, 2014, through present and worked in the State of Arkansas. *See* Plaintiffs' Complaint, ¶ 68. The second class is comprised of individuals who were or are DARP participants from October 20, 2014, through present and worked in the State of Arkansas. *Id*. These two putative classes do not have a "logical relationship" with one another. In fact, Hendren and DARP have no relationship with Simmons and CAAIR at all. For one, Hendren and Simmons are two separate entities that engage in entirely distinct businesses. They independently agreed to assist different organizations to serve different participants through different programs.

3

Similarly, CAAIR and DARP have no association with one another. They are separate organizations that administer distinct rehabilitation curriculum, with completely autonomous management, operations, and agents. CAAIR is based in Oklahoma whereas DARP is in Arkansas. They affiliate with separate businesses, enroll different participants, and utilize their own resources.

In a situation such as this, where Plaintiffs admit two separate and distinct classes, with no relationship between them other than they are alleged to breach the same state statute, the appropriate remedy for the Court is to sever the claims pursuant to Fed. R. Civ. P. 21. Under Rule 21, "[a]ny claim against a party may be severed and proceeded with separately." Applying this standard, the court has virtually unfettered discretion in determining whether or not severance is appropriate. *See Grigsby v. Kane*, 250 F.Supp.2d 453 (M.D.Pa.2003).

In considering a motion for severance, the Court must generally consider certain factors: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 580 (E.D.N.Y.1999) (*citing Hendrickson Bros., Inc. v. New York*, 488 U.S. 848 (1988)). These factors all favor severance in this case.

First, the claims as to CAAIR/Simmons and the claims as to DARP/Hendren do not arise out of the same transaction or occurrence, a standard reflected in Fed. R. Civ. P. 20. The 8th Circuit elaborated on Rule 20 at length in *Mosley*, finding a logical relationship existed between multiple plaintiff-employees who were harmed by the same company policy from the same defendant-employer. *See Mosley*, 497 F.2d. at 1333-34. Unlike Mosley, where employees for the same

company were adversely affected by the same policy, Plaintiffs in this case attended independent rehabilitation programs ran by separate organizations who utilized different companies. Even in the broadest interpretation, the events underlying each set of co-defendants in this case do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Similarly, the facts concerning Hendren and DARP are definitively different than those pertaining to Simmons and CAAIR.

Second, although there are some common questions of law, there are no common questions of fact. The only common question of law is generally whether the Arkansas Minimum Wage Act was violated. Even the question of whether the Arkansas Constitution was violated must necessarily turn on the specific facts applicable to CAAIR/Simmons and DARP/Hendren. There are no common questions of fact, which is readily apparent from a reading of Plaintiffs' Complaint. The very nature of Plaintiffs' allegations confirm that the underlying events are individualized and unique to each set of defendants. And as provided above, Hendren and DARP do not have any relationship or association with Simmons and CAAIR.

Third, judicial economy is favored by severing the claims. Greater judicial efficiency will result if the Court is at liberty to analyze each distinct relationship in the context of two separate cases, rather than performing the unwieldy task of consolidating its findings into a single omnibus order. Similarly, settlement of the claims would be easier since the Plaintiffs have already acknowledged that there are two separate and distinct classes in this case. *See* Complaint, ¶ 68. Because of this, settlement of the claims of one class will be easier without different or completing interests of the other class.

Fourth, prejudice would be avoided if the claims are severed. Simmons and Hendren, as well as CAAIR and DARP, are separate and distinct entities. While there is some commonality in

the claims against each, it is clear that those claims arise independent of each other. Accordingly, the strategies of defense that each entity employs may vary. By forcing the Defendants into one large action, the Defendants may have their ability to present their defenses restricted. Forcing them to proceed together can offer no tangible benefit that is not outweighed by the prejudice that might result.

Fifth, there are obviously different witnesses and documentary proof required for the separate claims. CAAIR and Simmons are distinct from each other just as they are distinct from DARP and Hendren. They have different officers and employees that are not dependent on each other. Accordingly, there will not be any unnecessary duplication of witnesses or documents if the cases are severed. Forcing them to proceed together can offer no tangible benefit that is not outweighed by the prejudice that might result. For Hendren, the witnesses and documents that it will need for its defense are all located in Benton County, Arkansas, the forum where this matter was originally filed. It is more convenient for those parties to proceed with the case in that location, rather than in Fayetteville or in some other Federal district where this case might end up.

Rule 21 of the Federal Rules of Civil Procedure serves to rectify claims asserted against two or more defendants where there is no obvious basis to join them pursuant to Fed. R. Civ. P. 20. *See Dilbeck v. Clark*, 2017 WL 4310857 (W.D. Ark. 2017) (the Court severing a constitutional claim asserted against two separate cities for their adoption of a similar ordinance). Said differently, when claims do not both arise from "the same transaction, occurrence, or series of occurrences" and share a common question of law or fact, Rule 21 is the appropriate remedy. *Accettullo v. Pfizer, Inc.*, 2013 WL 6020802 (E.D. Ark. 2013) (finding plaintiffs' claims to be nothing more than a "myriad of individualized questions of fact" that did not rise from same transaction); *Ondrisek v. Hoffman*, 2009 WL 3003932 (W.D. Ark. 2009). Rule 21 permits the

Court to "sever any claim against a party," and can do so "at any time" either "on motion or on its own." Fed. R. Civ. P. 21.

For the abovementioned reasons, the claims asserted against Hendren should be severed from those made against Simmons and CAAIR.

**B.     Should the Court Grant the Severance, Plaintiffs' Claims Against Hendren Should Be Remanded Back to State Court for A Lack of Subject-Matter Jurisdiction.**

Once the claims against DARP and Hendren are severed, those claims should be remanded to Benton County Circuit Court. A case is to be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). In addition, the 8th Circuit has held that a district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). With respect to class actions, a federal court generally has subject matter jurisdiction when there is (1) federal question jurisdiction, (2) diversity jurisdiction, or (3) the removal is authorized by the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1441; *see also* 28 U.S.C. § 1332(d).

Here, Plaintiffs' allege Hendren has violated the Arkansas Minimum Wage Act and the prohibition of slavery in the Arkansas Constitution. Plaintiff's Complaint, ¶ 1. No claim concerning or arising under the U.S. Constitution, laws, or treaties of the United States are involved and, therefore, no federal question jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1441. Further, both Hendren and DARP are Arkansas corporations and both named Plaintiffs are citizens of Arkansas. Plaintiffs' Complaint, ¶¶ 4-10. Because the Court lacks complete diversity, the Court lacks diversity jurisdiction. 28 U.S.C. § 1332(a); *See In re Prempro Prod. Liab. Litig., 591 F.3d 613, 619-20* (8th Cir. 2010) (diversity jurisdiction requires no defendant hold citizenship in the same state where any plaintiff holds citizenship). Even if federal question or diversity jurisdiction did exist, Hendren has never consented to removal as is required by 28 U.S.C. § 1441(c)(2).

7

Finally, with respect to CAFA, Hendren never removed the case Plaintiffs originally filed in state court. *See* Simmons Notice of Removal. Rather, Simmons filed a notice of removal on November 6, 2017 and, without a remand, both Hendren and Plaintiffs would be left in a Court that neither party chose. *Id.* In addition, without Simmons included in the same action, Hendren does not qualify for the $5 million threshold required by CAFA for federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2). For these reasons, the Court does not have subject matter jurisdiction at this time and, therefore, remand is necessary and appropriate. 28 U.S.C. § 1447(c).

### III. Conclusion

Hendren respectfully requests that the Court sever the claims brought against it and DARP from those made against Simmons and CAAIR pursuant Fed. R. Civ. P. 21. In addition, should the Court sever the claims, Hendren requests that Plaintiffs' claims against it be remanded back to the Benton County Circuit Court, where both jurisdiction and venue is proper.

    Respectfully submitted,

    HENDREN PLASTICS, INC.,
    Separate Defendant

By:   */s/ Larry McCredy*
    Larry McCredy (2007-152)
    Tim Hutchinson (2000-030)
    RMP, LLP
    P.O. Box 1788
    Fayetteville, Arkansas 72702
    Telephone: (479) 443-2705
    Facsimile: (479) 443-2718
    lmccredy@rmp.law
    thutchinson@rmp.law

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of November, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to other counsel in the matter which are registered CM/ENF users.

*/s/ Larry McCredy*
Larry McCredy