IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK FOCHTMAN and SHANE O'NEAL,
individually and on behalf of all others
similarly situated                                                              PLAINTIFFS

v.                        CASE NO. 5:17-cv-05228-TLB

CAAIR, INC., SIMMONS FOODS, INC.,
DARP, INC., HENDREN PLASTICS, INC.,
and JOHN DOES 1-30                                                          DEFENDANTS

PLAINTIFFS' RESPONSE TO HENDREN PLASTICS, INC.'S
MOTION TO SEVER AND REMAND

I. INTRODUCTION & FACTUAL BACKGROUND

This is a class action to recover for enslavement and violations of the Arkansas Minimum Wage Act. Plaintiffs filed suit on October 23, 2017, in the Circuit Court of Benton County, Arkansas. On November 6, 2017, Simmons Foods, Inc. removed the action, alleging that this Court had jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Hendren Plastics moved the Court to (1) sever the claims asserted against Hendren Plastics and DARP, and (2) remand those claims to the Benton County Circuit Court. (Doc. 20). In its motion, Hendren Plastics claimed it had an arrangement with DARP, but did not have a relationship with CAAIR or Simmons. Hendren Plastics further claimed that it "does not qualify for the $5 million threshold required by CAFA for federal jurisdiction." (Doc. 21, at *8). Although Plaintiffs do not oppose severance, the case cannot be remanded based on the amount-in-controversy of the severed case. The jurisdictional requirements are judged at the time of removal.

Unless Hendren Plastics asserts that the total amount-in-controversy between Plaintiffs and all Defendants is less than $5,000,000.00, both cases must remain in federal court.

## II. ARGUMENT

### A. *Plaintiffs do not oppose severance.*

Rule 20 of the *Federal Rules of Civil Procedure* provides that multiple defendants can be joined in one action if (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

Plaintiffs' original complaint satisfied Rule 20's requirements because their slavery and Arkansas Minimum Wage Act claims are asserted against Defendants jointly and severally and the claims all related to CAAIR and DARP's practice of exploiting their residents to work for for-profit industries in Arkansas. Some class members, including Plaintiff Fochtman, were residents of both CAAIR and DARP during the relevant period and worked for both Simmons and Hendren Plastics during that time. Likewise, other class members who attended DARP worked for both Simmons and Hendren Plastics during the statutory period. Plaintiffs' claims, therefore, arise out of the same transaction, occurrence, or series of transaction or occurrences and involve common questions of fact. In addition, Plaintiffs' slavery and AMWA claims give rise to common questions of law that will apply to all class members and defendants that will determine the resolution of this case. Plaintiffs' complaint properly joined the parties and satisfied Rule 20.

Although Plaintiffs properly joined the parties in this action, Plaintiffs do not oppose Hendren Plastics' motion to sever the claims asserted against Hendren Plastics and DARP. If the Court is inclined to sever the claims, Plaintiffs will prepare amended complaints reflecting severance.

> B. *The Court should deny Hendren Plastics' motion to remand because the Court's jurisdiction is determined at the time of removal, and severance does not destroy CAFA jurisdiction.*

The Court should deny Hendren Plastics' motion to remand. For CAFA jurisdictional purposes, a court's jurisdiction is measured at the time of removal, and nothing filed after removal affects jurisdiction. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 558, 593 (2013) ("For jurisdictional purposes, our inquiry is limited to examining the case 'as of the time it was filed in state court.'"); *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) ("It is axiomatic that the court's jurisdiction is measured at the time the action is commenced, or more pertinent to this case, at the time of removal.") "Further, jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated." *Hargis*, 674 F.3d at 789; *Cedar Lodge Plantation, LLC v. CSHV Fairway View I, LLC*, 768 F.3d 427 (5th Cir. 2014) ("It is well-established that the time-of-removal rule prevents post-removal actions from destroying jurisdiction that attached in a federal court under CAFA."). "The time-of-filing rule is what it is precisely because the facts determining jurisdiction are subject to change, and because constant litigation in response to that change would be wasteful." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 580 (2004). "Every circuit that has addressed the question has held that post-removal events do not 'oust'

CAFA jurisdiction." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 639 (5th Cir. 2014).

Once a case is removed to federal court under CAFA, subsequent severance does not destroy federal jurisdiction over the severed claims. For example, in *Louisiana*, the State of Louisiana brought a class action in state court under state law against several insurers to recover on the homeowner insurance policies purchased by individual Louisiana citizens. *Id.* at 635. The defendants removed the action under CAFA, and the State of Louisiana unsuccessfully moved to remand. *Id.* On appeal, the Fifth Circuit affirmed the district court's order denying remand, holding that CAFA supplied federal jurisdiction. *Id.* Afterwards, in response to the Louisiana Supreme Court's resolution of a certified question, the district court severed the 1,504 remaining claims and remanded because the individual cases no longer satisfied CAFA's jurisdictional requirements. *Id.* at 635–36.

The Fifth Circuit <u>reversed</u> the district court's order remanding the severed individual claims. *Id.* at 638–39. The Court held that "federal jurisdiction under the statutory provision of CAFA is explicitly concerned with the status of an action when *filed* — not how it subsequently evolves." *Id.* at 639 (emphasis in original). As a result, because the district court had CAFA jurisdiction over the original class action at the time of removal, the district court still had such jurisdiction over the severed claims. *Id.* at 640. This is true even though the severed claims did not on their own satisfy the requirements for CAFA jurisdiction. *Id.* at 635. Additionally, CAFA's legislative history reaches the same conclusion: it is "clear that, once a complaint is properly removed to federal court,

the federal court's jurisdiction cannot be 'ousted' by later events." *Id.* at 639 (citing S. Rep. 109-14, at 70 (2005) *reprinted in* 2005 U.S.C.C.A.N. 3, 65.). *See also Hargis*, 674 F.3d at 789–90 (affirming district court's order denying motion to remand because post-removal amendments to complaint that sought to vitiate CAFA jurisdiction could not undue the district court's jurisdiction that existed at the time of removal.); *Cedar Lodge Plantation*, 768 F.3d 425 (same); *Buetow v. A.L.S. Enters.*, 650 F.3d 1178, 1182 n.2 (8th Cir. 2011) (CAFA "jurisdiction continued despite the district court's denial of Plaintiffs' motion for class certification.").

Plaintiffs filed their class action complaint on October 23, 2017, in the Circuit Court of Benton County, Arkansas, alleging claims against Simmons, CAAIR, DARP, and Hendren Plastics. (Doc. 8). On November 6, 2017, Simmons Foods, Inc. removed the action, alleging CAFA jurisdiction existed. (Doc. 1). CAFA concerns the <u>aggregated</u> amount in controversy, and Hendren Plastics must claim that the Court lacks subject matter jurisdiction over the case as a whole, as the case existed at the time of removal. *Gibson v. Clean Harbors Envt'l Servs.*, 840 F.3d 515, 518 (8th Cir. 2016). Thus, to determine whether the Court has CAFA jurisdiction, Plaintiffs' claims against all Defendants must be considered.

The Court should deny Hendren Plastics' motion to remand because the Court's CAFA jurisdiction attached at the time of removal, and severing Hendren Plastics and DARP does not disrupt jurisdiction. CAFA's text is clear that once a court has jurisdiction over a class action removed under CAFA, the Court retains that jurisdiction — even if the claims are subsequently severed into individual actions. The Court's jurisdiction in this

case will continue even if the Court severs. The Court should deny Hendren Plastics' motion to remand any severed claims to Benton County Circuit Court.

### III. CONCLUSION

Plaintiffs do not oppose Hendren Plastics' motion to sever the claims asserted against Hendren Plastics and DARP. Should the Court sever the claims, however, it should deny the motion to remand unless the Court determines that the total amount in controversy among all the parties is less than $5,000,000.00. After the Court's jurisdiction under CAFA is invoked, post-removal events like severance do not destroy CAFA jurisdiction. This is true even if the severed claims do not on their own satisfy the requirements for CAFA jurisdiction. The Court should deny Hendren Plastics' motion to remand.

Respectfully Submitted,

HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043

/s/Timothy A. Steadman
John Holleman, ABN 91056
jholleman@johnholleman.net
Timothy A. Steadman, ABN 2009113
tim@johnholleman.net
Jerry Garner, ABN 2014134
jerry@johnholleman.net

## CERTIFICATE OF SERVICE

     I, Timothy A. Steadman, hereby certify that a true and correct copy of the foregoing document was served via CM/ECF on November 27, 2017, which will send notice to all counsel of record.

                                               By:    /s/Timothy A. Steadman
                                                           Timothy A. Steadman