IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK FOCHTMAN and SHANE O'NEAL                                              PLAINTIFFS
Individually, and on behalf of all others
similarly situated

v.                          CASE NO. 5:17-CV-05228-TLB

CAAIR, INC., SIMMONS FOODS, INC.,
DARP, INC., HENDREN PLASTICS, INC.
and JOHN DOES 1-30                                                          DEFENDANTS

## PROTECTIVE ORDER

The instant litigation may involve requests, testimony or document production containing personal, confidential, proprietary, and commercially sensitive information and documentation of the parties. For this reason the Court enters this Protective Order to ensure the confidentiality of such information and documentation.

This Court holds that the following procedures and provisions apply to discovery in this civil action (the "Action") in order to protect information of a sensitive, confidential, proprietary, or legally protected nature, and the privacy rights of the parties or certain non-parties. The entry of this Protective Order is not, and should not be construed as, a waiver by any party or non-party of any privilege or objection to any particular discovery request.

**I.     DEFINITIONS**

A.     "Party" means any current plaintiff or defendant in this Action, and any plaintiff, defendant, or other party that may be joined in this Action.

B.     "Corporate Party" means any current plaintiff or defendant in this Action that is not an individual, but rather, is named in the Action as a business entity or association, such as a corporation, limited liability company, partnership or any other business concern required to be

1

formed pursuant to applicable law.

C. "Non-Party" means any person or entity not a Party who produces documents or other information or provides testimony in response to a subpoena or other process in this Action.

D. "Material" is defined as documents, electronically stored information, records, tangible materials, testimony, responses to discovery, and other information produced by a Party or Non-Party in discovery in this Action.

E. "Confidential Material" is defined as Material that any Party or Non-Party considers in good faith to contain or reflect (i) trade secrets or other confidential business information, proprietary business information or commercially sensitive information, or (ii) sensitive personal information to include an individual's Social Security number, taxpayer identification number, medical records, financial account number, driver's license number, State-issued identification number, and passport number or (iii) information which, if disclosed, would be reasonably likely to have an adverse effect on the competitive position or business operations of the Party or Non-Party producing the Material, or constitutes information subject to an existing and valid confidentiality agreement.

F. The "Designator" is any Party or Non-Party who produces Material in this Action and designates any such Material as "CONFIDENTIAL" in conformity with Section II.

## II. DESIGNATION OF MATERIALS AS "CONFIDENTIAL"

Any Party or Non-Party who produces Material in the course of discovery in this Action may designate such Material as Confidential Material if that Party or Non-Party believes in good faith that the Material satisfies the definition of Confidential Material, as set forth in Paragraph I.E.

A. The Designator will mark the word "CONFIDENTIAL" on the face of each

document and each page of Material so designated at the time it is produced or, in the case of Confidential Material contained in or on media other than paper, by affixing a label with the word "CONFIDENTIAL" on the produced media or by using its best efforts to identify the information as Confidential Material.

B. In the event that a Party or Non-Party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential Material, the Party or Non-Party will insert the word "CONFIDENTIAL" in brackets at the beginning of the specific answer or response.

C. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material will be made within twenty business days after receipt of the transcript by notifying all Parties, the deponent, and the court reporter in writing of the page and line numbers which have been designated as Confidential Material. In the absence of an agreement on the record or in writing, or an order of the Court to the contrary, all deposition testimony will be deemed Confidential Material until the expiration of the twenty-business-day period. Alternatively, a Party may designate all or any part of the deposition as "Confidential" by stating on the record during the deposition that all or part of the deposition should be so treated. To the extent possible, Counsel should identify, on the record, when the protected designation begins and ends.

D. For purposes of this Action, no Party concedes that any Material designated by any other Designator as Confidential Material should be treated as Confidential Material. A Party will not be obligated to challenge the propriety of the designation of Material as "CONFIDENTIAL" at the time made, and the failure to do so will not preclude a later challenge in this or any other action. If a Party challenges a designation, it will give written notice to the

Designator, and the Party and the Designator must attempt to resolve any challenge in good faith on an informal basis ("meet and confer"). If the challenge cannot be informally resolved, the Party challenging the designation may seek appropriate relief from the Court; however, the Designator shall have the burden of establishing that any such document or other material in dispute is entitled to protection from unrestricted disclosure. The Material will continue to be treated as Confidential Material until the issue relating to the propriety of the designation has been resolved.

E. Any Designator may, at any time, withdraw the "CONFIDENTIAL" designation of any Material produced by that Designator.

F. The inadvertent failure to designate or withhold any Material as Confidential Material will not be deemed to waive a later claim as to its confidential nature, or to preclude the producing Party or Non-Party from designating the Material as Confidential Material at a later date in writing and with particularity. The Material will be treated by the receiving Party as Confidential Material from the time the receiving Party is notified in writing of the change in the designation. If a Party produced the information without a designation, the protections afforded Confidential Material can only be ensured as of the date and time the receiving Party is notified of such designation.

### III. USE AND HANDLING OF CONFIDENTIAL MATERIAL

Confidential Material will be used only for purposes of preparing for and litigating this Action (including appeals) and not for any other action or other purpose.

A. Access to Confidential Material will be closely controlled and limited to individuals who have a demonstrable and bona fide need to review it. Confidential Material will not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person,

entity, or judicial tribunal other than:

1. Counsel of record for the Parties in this Action, members of their firms, and such support personnel assigned to and necessary to assist such counsel in the preparation or trial of this Action;

2. The United States District Court, the Court of Appeals, the Supreme Court of the United States, court personnel, and any jury empaneled in this Action;

3. Court reporters and/or videographers used during depositions and any commercial photocopying company hired by a Party in this Action;

4. Third party deponents and trial witnesses in this Action and their counsel to the extent necessary for purposes of this Action;

5. Consultants, independent experts, and outside litigation support personnel retained by any Party to this Action to assist the Party in the preparation or trial of this Action;

6. Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

7. The person or entity that wrote or received the document or gave the testimony designated as "CONFIDENTIAL";

8. Others, if the Designator so agrees in writing or, for good cause shown, the Court so permits;

9. Any Party to this Action, including a Corporate Party's, equity interest holders, officers, and directors of such Corporate Party;

10. A corporate party's current employees, who are actually engaged in preparing for or conducting pretrial or trial proceedings in this action, but only to the extent necessary to do so.

B. Before any person described in Paragraphs III.A.4, III.A.5, III.A.8, III.A.9 or III.A.10 is given access to Confidential Material, the person will review this Protective Order and agree in writing (by signing the Acknowledgement attached as Exhibit A) to be bound by this Protective Order. A copy of the Acknowledgement, together with a list of Confidential Material disclosed to the person and the date of disclosure, will be retained by counsel disclosing

Confidential Material until the conclusion of this Action, including all appeals.

C.  If Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing. No person to whom Confidential Material is disclosed may disclose Confidential Material to any person other than those persons described in Paragraph III.A., above.

D.  All persons who have access to Confidential Material at any time will take all precautions necessary to prohibit access to the Confidential Material other than as provided for herein.

E.  Any copies of Confidential Material will bear the appropriate designation set forth in Paragraph II.A., above. Any summaries of Confidential Material shall be marked with the designation "Summary from Confidential Material" and shall be accorded the same status of confidentiality as the underlying Confidential Material from which the summaries are made. All copies and summaries of Confidential Material will be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

F.  Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. In no event will an entire motion or entire

brief be filed under seal—without a corresponding redacted version of the motion or brief also filed on the public docket—unless prior leave of Court is sought.

G. Upon conclusion of this Action, whether by judgment, order, agreement, or otherwise, each Party, counsel, and other persons having possession of Confidential Material will destroy all Confidential Material obtained from another Party or Non-Party and will, upon request, provide written certification of such destruction to the Designator including all copies provided by the Party or Non-Party to any person described in Paragraphs III.A.4, III.A.5, III.A.8, III.A.9 or III.A.10. This requirement will not apply to Confidential Materials that become a matter of public record in a manner permitted by this Order. The Parties agree that, although every attempt to destroy Confidential Material should be made, counsel for each party, may retain pleadings, motions, briefs, letters, emails, notes, and other working papers and communications maintained within their file that refer to, contain, or otherwise rely on Confidential Material consistent with counsel's retention policies and to the extent required by state law or regulation.

H. The Parties agree that nothing in this Protective Order is intended to alter or diminish the protections of the attorney-client privilege or the work-product doctrine. Nothing in this Order shall prevent or otherwise restrict counsel for a Party from rendering advice to their client(s) and, in the course thereof, relying generally on an examination of Confidential Material.

## IV. GENERAL PROVISIONS

Nothing contained in this Protective Order will restrict or limit any Party's right to present Confidential Material to a jury or a court during a trial or other hearing in this Action, and the Parties and Non-Parties will take reasonable steps to maintain the confidentiality of Confidential Material at a hearing or at trial in the manner as the Court may direct.

A. If any Party or Non-Party receives a discovery request, a subpoena, or court order

for the production of any Confidential Material, the Party or Non-Party receiving the discovery request, subpoena, or order will, within ten business days of the receipt of the request or order and not less than five business days before the production of any Confidential Material, notify the Designator of the request or order in writing. The receiving Party or Non-Party will within five business days of the receipt of the request or order, notify the party or court issuing the discovery request, subpoena, or order of the existence of this Order covering Confidential Material. The Designator shall be responsible for seeking whatever appropriate protective order or other relief it desires before such time as the received Party or Non-Party must comply with such discovery request, subpoena, or order.

B. This Protective Order will not apply to information or tangible items obtained by means independent of production by a Party or Non-Party through discovery or other proceedings in this Action or in some other lawful manner. The restrictions set forth in this Protective Order will not apply to any Material which, at the time of production, is within the public domain, or which the Designator later releases publicly.

C. Neither this Protective Order, production or disclosure of Material under this Protective Order, nor designation or failure to designate Material under this Protective Order, will constitute a waiver of the right of the Designator to maintain the confidentiality of that Material in other contexts.

D. This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court. To the extent that the Parties fail to agree on a modification, nothing contained herein will be deemed to preclude any Party or Non-Party from seeking relief from the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

E. This Protective Order will not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing Material.

F. This Protective Order will remain in effect and continue to be binding for one year after the conclusion of this Action, and this Court will retain jurisdiction to enforce this Protective Order during that period.

G. This Protective Order will operate retroactively to the inception of this Action. Any Material produced before the signing of this Protective Order will be treated as Confidential upon designation as set forth above. However, if a Party produced the information without a designation, the protections afforded Confidential Material can only be ensured as of the date and time the receiving Party is notified of such designation.

## V. INADVERTENT DISCLOSURE OF PROTECTED OR PRIVILEGED INFORMATION

A. The inadvertent disclosure of Material covered by the attorney-client privilege or work-product protection will be governed by Federal Rule of Evidence 502, Federal Rule of Civil Procedure 26(b)(5)(B), and this Protective Order.

B. If, in connection with the pending litigation, a Party or Non-Party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the producing Party or Non-Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

C. If a claim of inadvertent disclosure is made by a producing Party or Non-Party with respect to Inadvertently Disclosed Information, the receiving Party will, within five business

days, return, sequester, or destroy all copies of the Inadvertently Disclosed Information and must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information to court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

D. Within thirty days of the notification that Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the Parties or Order of the Court, the producing Party or Non-Party will produce a privilege log with respect to the Inadvertently Disclosed Information.

E. The Parties agree that pursuant to Rule 502(d): a producing Party or Non-Party will be deemed to have taken prompt and reasonable steps to rectify the Inadvertently Disclosed Information if it notifies the receiving Party within five business days of it learning of the inadvertent production.

F. Nothing in this Protective Order will limit the right of any Party seek an order compelling production of Inadvertently Disclosed Information, or an in-camera review of the Inadvertently Disclosed Information.

## VI. LIMITS OF THIS PROTECTIVE ORDER

Nothing contained in this Protective Order, and no action taken pursuant to it, may prejudice the right of any Party or Non-Party to contest the alleged relevancy, admissibility, or discoverability of the Material sought. Nor does this Protective Order prevent any Party or Non-Party from objecting to discovery that it believes to be otherwise improper.

Stipulated to:

MARK FOCHTMAN and SHANE O'NEAL, individually, and on behalf of all others similarly situated,
Plaintiffs

By: */s/ John Holleman*
John Holleman, ABN 91056
Timothy A. Steadman, ABN 2009113
Jerry Garner, ABN 2014134
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043
jholleman@johnholleman.net
tim@johnholleman.net
jerry@johnholleman.net

SIMMONS FOODS, INC.,
Separate Defendant

By: */s/ John R. Elrod*
John R. Elrod, ABN 71026
Todd P. Lewis, ABN 96226
Vicki Bronson, ABN 97058
Kerri E. Kobbeman, ABN 2008149
Conner & Winters, LLP
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703
Tel. 479.582.5711
Tel. 479.587.1426
jelrod@cwlaw.com
tlewis@cwlaw.com
vbronson@cwlaw.com
kkobbeman@cwlaw.com

DARP, INC.,
Separate Defendant

By: */s/ William B. Putman*
William B. Putman, ABN 91198
PUTMAN LAW OFFICE
3900 N. Front St., Ste. 204
Fayetteville, AR 72703
Tel. 479.287.1288
bill@putmanlawoffice.com

CAAIR, INC.,
Separate Defendant

By: */s/ Dan S. Folluo*
Dan S. Folluo, ABN 2012027
Rhodes Hieronymus Jones Tucker & Gable, PLLC
P. O. Box 21100
Tulsa, OK 74121-1100
Tel. 918.582.1173
Fax 918.592.3390
dfolluo@rhodesokla.com

HENDREN PLASTICS, INC.,
Separate Defendant

By: */s/ Larry McCredy*
Larry McCredy (2007-152)
Tim Hutchinson (2000-030)
RMP, LLP
P.O. Box 1788
Fayetteville, Arkansas 72702
Tel. 479.443.2705
Fax 479.443.2718
lmccredy@rmp.law
thutchinson@rmp.law

11

IT IS SO ORDERED this 18th day of December, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

# Exhibit A

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER
## AND AGREEMENT TO BE BOUND

I hereby acknowledge that I, _____, am about to receive information that is being supplied by one or more of the parties in the case of *Mark Fochtman and Shane O'Neal Individually, and on behalf of all others similarly situated v. CAAIR, Inc., et al.*, No. 5:17-cv-05228-TLB, pending in the United States District Court for the Western District of Arkansas. I understand that the information is or may be subject to the terms of a Protective Order entered by the Court in said case. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of the Protective Order, have read it, and agree to be bound by its terms. I understand that information and any documentary material covered by the Protective Order (which includes any notes or other record that I make of this material) shall not be disclosed to others, except those listed in paragraph III.A. of the Protective Order and under the terms set forth therein. I understand that upon termination of this Action or termination of my services in this Action, whichever is sooner, I have an absolute duty to destroy all Confidential Material (as defined in the Protective Order) and shall, upon request, provide written certification, under oath, of this destruction.

Signature: _____

Print Name: _____

Date: _____