IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| MARK FOCHTMAN and SHANE O'NEAL Individually, and on behalf of all others Similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 17-5228-B |
| CAAIR, INC., SIMMONS FOODS, INC. DARP, INC., HENDREN PLASTICS, INC. and JOHN DOES 1-30, ) ) ) ) | |
| Defendants. ) | |

### DEFENDANT CAAIR, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO SEVER CLAIMS

Defendant CAAIR, Inc. respectfully submits the following brief in support of its motion to sever claims. The Court should utilize the authority granted by F$_{ED}$. R. C$_{IV}$. P. 21 and sever Plaintiffs' claims against Defendants Hendren Plastics, Inc. and DARP, Inc. from the claims against CAAIR and Simmons Foods, Inc. These unrelated causes of action should not be adjudicated in a single civil action.

**I.   B**ACKGROUND

This case involves individual and class wage claims against two separate addiction recovery programs and two separate corporations based in Arkansas. CAAIR is a voluntary, long term (12 month) recovery center located near Jay, Oklahoma. The mission of CAAIR is to give second chance in life to men who are suffering from addiction. The CAAIR program is designed for men who want help but cannot afford to pay thousands of dollars for a treatment or recovery center. CAAIR is funded solely by the clients working at local work providers. Working is an

important part of the clients' recovery as it helps provide structure in their lives. It also teaches the men workplace skills such as communication, teamwork, and accountability.

CAAIR contracts with Simmons to provide work for the men at CAAIR. Simmons has helped CAAIR give hundreds of men a second chance at life. Simmons has employed numerous men who graduated the CAAIR program. With Simmons' help, these men have truly changed their lives and become productive members of society.

DARP has a recovery center for men in Decatur, Arkansas. DARP allegedly contracts with Hendren Plastics to provide work for men who are in DARP's recovery program. CAAIR has no relationship with DARP or Hendren Plastics. CAAIR has never contracted with Hendren Plastics to provide work for men at CAAIR.

Plaintiff Fochtman was a CAAIR client from May 2015 until October 2015, when he was released upon request of the Washington County Drug Court. Fochtman was assigned to work at Simmons during his tenure at CAAIR. CAAIR is unaware of Fochtman's involvement with DARP or Hendren Plastics.

Plaintiff O'Neal was a CAAIR client from December 2014 until his graduation from the CAAIR program in December 2015. O'Neal was assigned to work at Simmons during his Tenure at CAAIR. O'Neal does _not_ allege to have been involved with DARP or Hendren Plastics. O'Neal's claims are only against CAAIR and Simmons.

Plaintiffs have filed a single civil action through which they have joined separate causes of action that are completely unrelated to each other. The Court should exercise its discretion and sever them.

## II. THE COURT SHOULD SEVER THE CLAIMS AGAINST DARP AND HENDREN BECAUSE THEY CONSTITUTE A SEPARATE AND UNRELATED CAUSE OF ACTION

This action is currently set to adjudicate two separate and unrelated causes of action. They should be severed and litigated as two separate civil actions. Severance would cure potential prejudice and confusion, and would also allow for more efficient litigation of the issues.

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. The Court has "virtually unfettered" discretion in deciding to sever claims. *Grisby v. Kane*, 250 F.Supp.2d 453, 456 (M.D. Pa. 2003). A party seeking severance is <u>not</u> required to show misjoinder of parties. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

Severance is grounded in principles of fundamental fairness and judicial economy. *See John S. Clark, Co. v. Travelers Indem. Co.*, 359 F.Supp.2d 429, 440-442 (M.D.N.C. 2004). Courts have employed the following factors to determine whether severance serves these goals: fundamental fairness; potential prejudice to the parties; avoidance of delay in the underlying trial; overlap or differences in testimony and documentary proof; and the potential for jury confusion. *See Echols v. Omni Med. Group, Inc.*, 751 F.Supp.2d 1214, 1217 (N.D. Okla. 2010); *In re CFS*, 213 F.R.D. at 437-38; *Pena v. McArthur*, 889 F.Supp. 403, 407 (E.D. Cal. 1994).

Severance is proper where the two claims are "discrete and separate," and one claim is "capable of resolution despite the outcome of the other claim." *Gaffney v. Riverboat Servs.*, 451 F.3d 424, 442 (7th Cir. 2006). *See also Glendora v. Malone*, 917 F. Supp. 224, 227 n.3 (S.D.N.Y. 1996) ("Clearly, the court may rely on Rule 21 to delete parties that have no connection to the claims asserted."). Courts may sever claims where they do not arise out of the same transaction or occurrence. *See DIRECTV v. Loussaert*, 218 F.R.D. 639, 642-43 (S.D. Iowa 2003).

Here, Plaintiffs assert claims against four defendants for unpaid wages. However, it is clear that the claims are based upon two separate causes of action. One cause of action is against CAAIR and Simmons for wages that Plaintiffs claim they were not paid while they were CAAIR clients. The other cause of action is against DARP and Hendren Plastics for wages Plaintiff Fochtman claims he was not paid while he was at DARP. O'Neal does not even make any claims against DARP or Hendren. These separate causes of action are based upon different transactions in different locations. They can and should be adjudicated separately. *See Branham v. YBE Oxford, LLC*, 2013 U.S. Dist. LEXIS 1361, at *4 (N.D. Ala. Jan. 4, 2013) (severing claims because they were based upon "varying transactions and occurrences involving different alleged wrongdoers").

The lack of overlap in evidence is sufficient to warrant severance. *See N. Jersey Media Grp., Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 116 (S.D.N.Y. 2015). "Severance is especially appropriate if trying claims together would confuse the jury due to legal and factual differences." *Delce v. AMTRAK*, 180 F.R.D. 316, 319 (E.D. Tex. 1998). *See also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (affirming severance of properly joined plaintiffs where "the likelihood of prejudice and confusion outweighed the gains from judicial economy and any potential prejudice to the plaintiffs"). Here, there are no relationships between CAAIR and DARP or Hendren Plastics. CAAIR will not have any witnesses who testify about DARP's operations, and it is unlikely that DARP would have any witnesses who could testify about CAAIR's operations. Each recovery center has its own clients who are sent from various drug courts in Oklahoma or Arkansas. The only commonality might be the existence of a few former clients, like Fochtman, who may have participated in CAAIR and DARP, but during

different time periods. There will be very minimal, if any, factual or evidentiary overlap between the claims.

If the claims are not severed, the court, parties, and jury will be forced at trial to keep track of what witnesses and evidence is relevant to which of the separate causes of action. A single trial would undoubtedly lead to jury confusion and waste. The Defendants may also be prejudiced due to the differences in their operations. There is no logical reason why the causes of action should be tried together.

Without severance, the parties could be faced with problems and uncertainty regarding appellate rights and deadlines in the event of trial and judgment. *See Acevedo-Garcia v. Monroig*, 351 F.3d 547, 559-60 (1st Cir. 2003) (if claims are merely bifurcated for separate trials, appeals may not be had until final judgment entered on all claims). However, if a claim is severed, it proceeds as a "discrete, independent action and the trial court may render final, appealable judgment on the severed claim, notwithstanding the continued existence of unresolved claims in the remaining action." *E.S. v. Independent Sch. Dist., No. 196 Rosemount-Apple Valley*, 135 F.3d 566, 568 (8th Cir. 1998). *See also* 7 Wright & Miller *Federal Practice & Procedure* Civil § 1689 (2001) ("Once a claim has been severed, however, it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken."). Severance is proper and necessary here to avoid these potential problems.

Finally, the Court can utilize Rule 21 in order to effectuate a transfer of one of the severed actions to another forum. *See Toro Co. v. Alsop*, 565 F.2d 998, 1000 (8th Cir. 1977) (*per curiam*) (recognizing propriety of district court's order severing claims and transferring them under 28 U.S.C. § 1404(a)). *See also Valspar Corp. v. E.I. DuPont de Nemours & Co.*, 15 F. Supp. 3d 928, 932 (D. Minn. 2014) (severing and transferring actions). Here, the Court should

sever the claims against DARP and Hendren from the claims against CAAIR and Simmons so that the Court may transfer the severed action against CAAIR and Simmons to the Northern District of Oklahoma, where there was first filed a virtually identical action involving the same claims and putative class.

### III. CONCLUSION

This action should be severed into two separate actions. There is no logical reason why the separate causes of action should be adjudicated together. Severance would allow for the most efficient means of litigation and also eliminate potential confusion and prejudice due to divergent evidence, witnesses, and issues.

WHEREFORE, premises considered, CAAIR respectfully requests this Court grant this motion to sever so that the claims against Hendren Plastics and DARP are adjudicated in a separate action from the claims against CAAIR and Simmons.

Respectfully submitted,

/s/Randall E. Long
Randall E. Long, OBA #22216
Denelda L. Richardson, OBA #20103
Rhodes Hieronymus Jones Tucker & Gable, PLLC
P. O. Box 21100
Tulsa, OK 74121-1100
918.582.1173 (Phone)
918.592.3390 (Facsimile)
rlong@rhodesokla.com
drichardson@rhodesokla.com
***Attorneys for Defendant CAAIR, Inc.***

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 20th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to other counsel in the matter which are registered CM/ECF users.

| | |
|---|---|
| Jerry D. Garner | John R. Elrod |
| John Holleman | Todd Lewis |
| Timothy A. Steadman | Vicki Bronson |
| *Attorneys for Plaintiffs* | Kerri Kobbeman |
| | *Attorneys for Def. Simmons Foods, Inc.* |
| William B. Putman | Laurence McCredy |
| *Attorney for Def. DARP, Inc.* | Timothy C. Hutchinson |
| | *Attorneys for Def. Hendren Plastics, Inc.* |

            /s/Randall E. Long
            Randall E. Long