IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK FOCHTMAN and SHANE O'NEAL,
individually and on behalf of all others
similarly situated                                                                                    PLAINTIFFS

v.                          CASE NO. 5:17-cv-05228-TLB

CAAIR, INC., SIMMONS FOODS, INC.,
DARP, INC., HENDREN PLASTICS, INC.,
and JOHN DOES 1-30                                                                                DEFENDANTS

PLAINTIFFS' MOTION FOR VOLUNTARY NON-SUIT OF THEIR CLAIMS
AGAINST CAAIR, INC. AND SIMMONS FOODS, INC.
AND INCORPORATED BRIEF IN SUPPORT

Come now Plaintiffs, Mark Fochtman and Shane O'Neal, and for their motion to voluntarily dismiss their claims against CAAIR, Inc. and Simmons Foods, Inc., state:

1. Plaintiffs move to voluntarily dismiss this action against CAAIR, Inc. and Simmons Foods, Inc. pursuant to FRCP 41(a)(2) because they have decided to join another lawsuit against CAAIR, Inc. and Simmons Foods, Inc. that is currently pending in the Northern District of Oklahoma.

2. On February 27, 2018, this Court severed Plaintiffs' claims against Defendants CAAIR, Inc. and Simmons Foods, Inc. from the claims against Defendants DARP, Inc. and Hendren Plastics, Inc. (Doc. 97, at *17). In the same Order, the Court granted Simmons Foods, Inc.'s motion to dismiss or transfer venue, transferring the claims against CAAIR, Inc. and Simmons Foods, Inc. "to the Northern District of Oklahoma, for possible consolidation with *Copeland et. al v. C.A.A.I.R. et al.*, 17-CV-00564-

TCK-JFJ." (Doc. 97, at *17). The Court further directed Fochtman and O'Neal to file an amended complaint reflecting the severed claims, which would then be immediately transferred to the Northern District of Oklahoma. (Doc. 97, at *17).

3. Plaintiffs Fochtman and O'Neal have decided to join the *Copeland* case by filing consents to join in that litigation. As a result, Fochtman and O'Neal move to dismiss this action against CAAIR, Inc. and Simmons Foods, Inc. without prejudice. Fed. R. Civ. P. 41(a)(2).

4. The Court has broad discretion in determining whether to grant or deny a motion for voluntary dismissal without prejudice. *Fowler v. Progressive Direct Ins.*, 2014 U.S. Dist. LEXIS 192622, at *3 (W.D. Ark. Oct. 9, 2014) (citing *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1963 (8th Cir. 1993)). In exercising the discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice defendants. *Fowler*, 2014 U.S. Dist. LEXIS 192622, at *3 (quoting *Hamm v. Rhone-Pulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

5. Here, Plaintiffs have properly explained their desire to dismiss, and Plaintiffs are not dismissing this action to avoid an unfavorable ruling or seek a more favorable forum. Dismissing this action will not result in a waste of judicial time and effort as it will avoid any further litigation over transfer and consolidation with *Copeland*. Further, the dismissal will not cause CAAIR or Simmons any prejudice.

6. Pursuant to the Court's order, Plaintiff Mark Fochtman is filing a complaint against DARP, Inc. and Hendren Plastics, Inc. Those claims are unaffected by this motion.

WHEREFORE, Plaintiffs respectfully request that the Court grant their motion to voluntarily dismiss their action against CAAIR and Simmons without prejudice and for all other just and proper relief to which they may be entitled.

    Respectfully Submitted,

    HOLLEMAN & ASSOCIATES, P.A.
    1008 West Second Street
    Little Rock, Arkansas 72201
    Tel. 501.975.5040
    Fax 501.975.5043

    /s/ Timothy A. Steadman
    John Holleman, ABN 91056
    jholleman@johnholleman.net
    Timothy A. Steadman, ABN 2009113
    tim@johnholleman.net
    Jerry Garner, ABN 2014134
    jerry@johnholleman.net

## CERTIFICATE OF SERVICE

      I, Timothy A. Steadman, hereby certify that a true and correct copy of the foregoing document was served via CM/ECF on March 9, 2018, which will send notice to all counsel of record.

                                  By:    /s/Timothy A. Steadman
                                                Timothy A. Steadman